**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 26-00040

VERSUS                                       JUDGE S. MAURICE HICKS, JR.

JAY'QWAN WILLIAMS                            MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is Before the Court is a Motion to Dismiss Indictment (Record Document 18) filed by Defendant, Jay'Qwan Williams ("Williams"). Williams seeks dismissal of Count One of the Indictment (Record Document 1), which charges him with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), arguing that the statute is unconstitutional as applied to him. The United States filed an Opposition (Record Document 26), and Williams filed a Reply (Record Document 29). For the reasons set forth below, the Motion is **DENIED**.

**FACTUAL BACKGROUND**

On October 6, 2025, a Shreveport Police Department officer observed Williams operating a vehicle in an erratic manner and attempted to conduct a traffic stop. See Record Document 26 at 1–2. Williams fled before stopping in a residential driveway. See id. at 2. Upon approaching the vehicle, the officer detected the odor of marijuana. See id. A search of the vehicle revealed approximately 24 grams of marijuana packaged in baggies, a scale with marijuana residue, and a loaded firearm located in a bag in the back seat. See id.

At the time of the charged conduct, Williams had previously been convicted of a felony offense punishable by a term of imprisonment exceeding one year. Specifically, on

June 25, 2024, Williams pleaded guilty in state court to Unlawful Handling of a Machine Gun under La. R.S. §§ 40:1752 & 40:1755 and was sentenced to 18 months of imprisonment. See id.

Williams now challenges § 922(g)(1) as unconstitutional as applied to him under New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022). See Record Document 18-1. Relying on Bruen and United States v. Diaz, 116 F.4th 458 (5th Cir. 2024), Williams contends that the Second Amendment presumptively protects his conduct and that the burden shifts to the Government to demonstrate that disarming him is consistent with the Nation's historical tradition of firearm regulation.

**LAW AND ANALYSIS**

I.    **Applicable Standards**

Federal Rule of Criminal Procedure 12(b)(1) states that "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." "Among other defenses, objections or requests available under Federal Rule of Criminal Procedure 12(b), a party may move to dismiss an indictment based on 'a defect in the indictment,' including 'failure to state an offense.'" United States v. Wilson, 2024 WL 4436637, at *2 (E.D. La. Oct. 6, 2024) (citing Fed. R. Crim. P. 12(b)(3)(B)(v)). A court can resolve a motion to dismiss an indictment before trial when the motion presents a question of law. See United States v. Fontenot, 665 F.3d 640, 644 (5th Cir. 2011).

In Bruen, the Supreme Court provided a two-step framework for Second Amendment constitutional challenges. See 597 U.S. at 24. First, "Bruen requires the Court to decide 'if the Second Amendment's plain text covers' the conduct at issue."

2

Wilson, 2024 WL 4436637, at *4 (citing Bruen, 597 U.S. at 24). Second, "the burden [...] shifts to the government to demonstrate that regulating [Defendant's] possession of a firearm is 'consistent with the Nation's historical tradition of firearm regulation.'" Id. (citing Bruen, 597 U.S. at 24). "To satisfy this burden, the government must 'identify a well-established and representative historical analogue, not a historical twin.'" Diaz, 116 F.4th at 467 (citing Bruen, 597 U.S. at 30). To determine whether regulations are relevantly similar under the Second Amendment, the Court must consider "how and why the regulations burden a law-abiding citizen's right to armed self-defense." Bruen, 597 U.S. at 29.

## II.    Analysis

In considering the first step of the Bruen analysis, the Court must determine whether the Second Amendment's plain text covers the instant conduct. See 597 U.S. at 24. The Fifth Circuit in Diaz made clear that the Second Amendment's plain text includes felons as among "the people" covered by the Second Amendment. See 116 F.4th at 466. Thus, the Court will proceed to the second step under Bruen.

In analyzing the second prong, the Court must consider whether there are historical analogues that "impose a comparable burden on the right of armed self-defense" during the timeframe of the Second Amendment's ratification. Bruen, 597 U.S. at 27. In upholding a § 922(g)(1) conviction predicated on a felony theft conviction, the Diaz Court relied on three categories of historical analogues:

> (i) historical laws that authorized capital punishment and estate forfeiture as consequences of felonies, (ii) two proposals from state constitutional conventions that excluded those deemed dangerous from the right to bear arms, and (iii) the colonial-era "going armed" laws first discussed in Rahimi that "prohibited going armed offensively and authorized forfeiture of weapons as punishment."

U.S. v. Ezell, 2024 WL 4729314, at *2 (W.D. La. Nov. 8, 2024) (citing Diaz, 116 F.4th at 467–68, 470) (discussing U.S. v. Rahimi, 602 U.S. 680 (2024)) (internal citations omitted). In all three categories discussed in Diaz, the consequences of committing certain crimes encompassed forfeiture of the right to bear arms.

The historical analogues discussed above are rooted in the common purpose of disarming individuals viewed as violent or as a threat to public safety. These analogues represent the longstanding tradition of firearm regulation that allows the "Government to disarm individuals who present a credible threat to the physical safety of others." Rahimi, 602 U.S. at 700.

Here, Williams's predicate felony conviction, Unlawful Handling of a Machine Gun, places him within the category of individuals historically subject to disarmament. The conduct underlying that conviction involved possession of a firearm modified to operate as an automatic weapon. See Record Document 26 at 5. The Fifth Circuit has recognized that such weapons are "dangerous and unusual" and fall outside the core protections of the Second Amendment. Hollis v. Lynch, 827 F.3d 436, 451 (5th Cir. 2016).

Moreover, the circumstances of both the predicate conviction and the instant offense demonstrate conduct posing a danger to the public, including the possession of controlled substances in connection with firearms and the involvement of a stolen firearm. This combination further supports the conclusion that Williams is the type of individual legislatures have historically disarmed.

Accordingly, the Government has met its burden in showing that § 922(g)(1) is constitutional as applied to Williams. Thus, Williams's Motion to Dismiss fails.

## CONCLUSION

Based on the reasons explained above, Williams's Motion to Dismiss (Record Document 18) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 7th day of May, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT